**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA**

**CASE NO: 23-005548-CI**

MEHDI GHADIRI

      Plaintiff,

vs.

NORDSTROM RACK

      Defendant.

_____/

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, MEHDI GHADIRI (hereinafter "Plaintiff"), and sues Defendant, NORDSTROM RACK (hereinafter "Defendant"), and alleges:

1.    This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest, and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    Plaintiff is a natural person residing in Pinellas County, Florida.

13703857

3.     At all times material to this action, Defendant is a business formed under the laws of the State of Florida and licensed to do business in the State of Florida.

4.     At all times material hereto, Defendant was the owner and in possession of that certain business located at 2435 FL-580, Clearwater, FL 33761, (hereinafter "Subject Premises") said business being open to the general public, including the Plaintiff herein.

5.     At all times material hereto, the Defendant expressly assumed responsibility for the maintenance and cleanliness of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

6.     Venue is proper in this Court as the Defendant conducts its business operations within Pinellas County, Florida and the incident giving rise to this action occurred in Pinellas County, Florida

7.     On or about 01/02/2023, Plaintiff visited the Subject Premises located at the above address as a business invitee.

8.     At said time and place, Plaintiff was a business invitee, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for Plaintiff's safety.

9.     At that time and place, Plaintiff suddenly and without warning slipped and fell as a result of Defendant's breach of the duty owed to Plaintiff.

10.     As a result of the fall, Plaintiff sustained bodily injury.

### COUNT I-CLAIM OF NEGLIGENCE AGAINST DEFENDANT, NORDSTROM RACK

11.     Plaintiff realleges the allegations in paragraphs 1 through 10 and further asserts:

12.     At all material times, Defendant, through its agents and/or employees, owed a duty to its invitees and the public, to exercise reasonable and ordinary care to maintain the Subject

13703857

Premises, including the walkways, parking lots and adjacent areas thereto, in a condition reasonably safe for use by its invitees, and the public.

13. At said time and place, Defendant breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip or trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the transitory foreign substance constituted a slip or trip hazard to pedestrians utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such

that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine practice of business that was not the reasonable custom of the community;

k) Negligently failing to render aid to the Plaintiff after Plaintiff's fall and/or negligently rendering aid to the Plaintiff after the fall;

l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the relevant business community in and/or around where the subject incident occurred.

m) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

n) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

14. As a result, while Plaintiff was visiting Defendant's business, Plaintiff slipped and fell, sustaining injuries as set forth as a result of Defendant's breach if the duty owed to Plaintiff.

15. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about Plaintiff's body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, MEHDI GHADIRI, sues the Defendant, NORDSTROM RACK, for damages and demands judgment in excess of Fifty Thousand and One Dollars ($50,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted on this day of May 15, 2023.

/s/ *Michaela Creason*
Michaela Creason, Esq.
Florida Bar No.: 1040254
Morgan & Morgan, P.A.
940 S Harbour City Blvd
Melbourne, Florida 32901
Telephone: (321) 361-3532
Primary email: mcreason@forthepeople.com
Attorneys for Plaintiff

13703857

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same will be furnished by Process Server to the Defendant all with the Summons.

*/s/ Michaela Creason*
Michaela Creason, Esq.
Florida Bar No.: 1040254
Morgan & Morgan, P.A.
940 S Harbour City Blvd
Melbourne, Florida 32901
Telephone: (321) 361-3532
Primary email: mcreason@forthepeople.com
Attorneys for Plaintiff

13703857