UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEHDI GHADIRI,

    Plaintiff,

v.                                                  Case No: 8:23-cv-01350-KKM-CPT

NORDSTROM RACK,

    Defendant.
_____

## ORDER

On March 23, 2023, Mehdi Ghadiri sued two fictitious defendants, "Corporation Service Company" and "Jane Doe," in state court, alleging negligence by both. *See* State Ct. Docket (Doc. 1-4). Later, Ghadiri amended the complaint, dropped both fictitious defendants, and added Nordstrom Rack, who then removed the case to federal court. *See* Notice of Removal (NOR) (Doc. 1) at 1–3. Ghadiri now moves to (1) amend the complaint to rejoin the manager of the store where he alleges his injury occurred, Marquita Williams (formerly Jane Doe), as a defendant, and (2) to remand the case to state court based on the lack of diversity jurisdiction. Mot. to Amend (MTA) (Doc. 10). Because Nordstrom Rack has not carried its burden to show that removal was appropriate, I grant Ghadiri's motion and remand to state court.

I. BACKGROUND

As explained above, Ghadiri initiated this action by filing a state court lawsuit against "Corporation Service Company" and "Jane Doe." *See* State Ct. Docket at 4. Although Ghadiri did not know Doe's name, the initial complaint alleged that Doe was an employee of Corporation Service Company and worked as store manager of the "subject premises" where Ghadiri's injury allegedly occurred. *Id.* at 5, 8. Ghadiri's complaint stated that the suit was for an amount over $50,000 and that the civil cover sheet reflected the same assessment. *Id.* at 4, 10. In fact, however, Ghadiri's civil cover sheet certified a claim-value estimate of over $100,000. *Id.* at 1.

Ghadiri then amended his state court complaint to remove the fictitious defendants and to add Nordstrom Rack. State Ct. Am. Compl. (Doc. 1-1). The amended complaint again alleged a claim of over $50,000 and stated that Ghadiri had "entered '$50,001' in the civil cover sheet for the 'estimated amount of the claim' as required in the preamble to the civil cover sheet for jurisdictional purposes only." State Ct. Docket at 16, 20.

Nordstrom Rack removed the case to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332. *See* NOR at 1–3. Ghadiri moves to remand, arguing that (1) the amount in controversy requirement is not satisfied, MTA at 8–14, and (2) that I should permit a second amended complaint to rejoin the now-deanonymized Williams and then remand for lack of complete diversity, *id.* at 2–8.

## II.   LEGAL STANDARDS

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). The removing party must show, "by a preponderance of the evidence, that the amount in controversy" is satisfied. *See id.* at 1281 n.5. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But "[a] conclusory allegation in the notice of removal" that the amount in controversy is satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001).

To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff, along with the removal attachments. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *Pretka*, 608 F.3d at 755 ("Defendants may introduce their own affidavits, declarations, or other documentation" to show that the amount in controversy exceeds $75,000). A court may draw reasonable

deductions and inferences from these documents using "judicial experience and common sense." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

## III.   ANALYSIS

To begin with, I address Ghadiri's separate argument that remand is appropriate because Nordstrom Rack has failed to carry its burden as to the amount in controversy. MTA at 8–14. To prevent remand, Nordstrom Rack must show that the amount in controversy more likely than not exceeds $75,000, providing "specific factual allegations establishing jurisdiction." *Pretka*, 608 F.3d at 754. Nordstrom Rack fails to carry that burden. Because I agree with Ghadiri on this point, I need not decide the question of allowing the rejoinder of Williams.

Both of Ghadiri's state court complaints allege that the amount in controversy "exceeds the sum of [$50,000] exclusive of costs, interest, and attorneys' fees." State Ct. Docket at 4, 10 (initial complaint); *id.* at 16, 20 (amended complaint). The complaints also allege that "Plaintiff suffered bodily injury in and about Plaintiff's body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future." *Id.* at 20; *see*

*also id.* at 10 (similar). These allegations, while serious if true, are (1) generic at best and (2) without more, do not demonstrate that the amount in controversy has been met. Thus, they cannot carry Nordstrom Rack's burden to establish jurisdiction.

Nordstrom Rack seeks to close the gap by attaching a state court civil cover sheet reflecting that "the estimated amount of the claim" was "over $100,000." *Id.* at 1. On the one hand, Ghadiri certified that the estimate on the coversheet was "accurate to the best of [counsel's] knowledge and belief." *Id.* at 3. And although the motion to remand seeks to minimize the coversheet's importance, Ghadiri never contests that the sheet was intentionally marked to reflect a claim over $100,000. On the other, courts generally consider checking a box on a civil cover sheet, without more, as "analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000." *Carew v. Desilet*, No. 8:20-cv-2981, 2021 WL 651370, at *2 (M.D. Fla. Feb. 19, 2021) (quoting *Physicians Imaging—Lake City, LLC v. Nationwide Gen. Ins. Co.*, No. 3:20-cv-1197-J-34JRK, 2020 WL 6273743, at *3 n.3 (M.D. Fla Oct. 26, 2020)).

Not affording undue weight to Ghadiri's civil cover sheet makes sense given that, in Florida, "[t]he civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law." State Ct. Docket at 1. Rather than shape the substantive content of a plaintiff's claim, the "form

5

must be filed by the plaintiff or petitioner . . . for the purpose of reporting uniform data." *Id.* In other words, a Florida civil cover sheet is little more than a bookkeeping tool for the state court system, not a freestanding font of diversity jurisdiction.

Nordstrom Rack heavily relies on a recent district court decision giving Florida civil cover sheets determinative weight in the remand analysis. *Seaman v. Holiday CVS, LLC*, No. 3:22-cv-76, (Doc. 21) (M.D. Fla. July 12, 2022). But even that decision concedes both that the subject is far from settled and that "[s]ome district courts place little, if any, weight on civil cover sheets." *Id.* at 7 n.1. And even if I were inclined to agree as a general matter, this is no ordinary civil cover sheet. Each of Ghadiri's state court complaints stated that counsel had "entered '$50,001' in the civil cover sheet for the 'estimated amount of the claim' as required in the preamble to the civil cover sheet for jurisdictional purposes only." State Ct. Docket at 4, 16. The "Type of Case" checkbox is also marked "Auto negligence," which is entirely disconnected from the premises liability claims contained in Ghadiri's initial complaint and every iteration thereafter. *Compare id.* at 1–2, *with id.* at 6–10, 17–20. Regardless of whether a civil cover sheet can ever carry a defendant's burden to establish jurisdiction, a civil cover sheet that is in manifest contradiction with the complaint it was filed alongside cannot.

IV. **CONCLUSION**

In sum, I cannot say that Ghadiri's civil cover sheet—at best a "conclusory allegation" that the amount in controversy is satisfied bereft of "the underlying facts supporting such an assertion"—is enough to carry Nordstrom Rack's burden without more. *Williams*, 269 F.3d at 1319–20. And there is nothing more that Nordstrom Rack points to or attaches. Accordingly, this case is **REMANDED** to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, for all further proceedings. The Clerk of the Court is directed to transmit a certified copy of this Order to the clerk of the state court and close this file.

**ORDERED** in Tampa, Florida, on November 28, 2023.

Kathryn Kimball Mizelle
United States District Judge